■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DEL POPOLO, Appellant.—Judgment unanimously modified, on the law and facts, to the extent of reversing the convictions of possession of a forged instru-

ment, second degree, and conspiracy, third degree and dismissing counts nine and eleven of the indictment, and sentence imposed modified as a matter of discretion in the interest of justice by changing the sentence to a five-year period of probation and as modified judgment affirmed, and defendant remanded to Onondaga County Court for the fixing of conditions of probation as specified in subdivision 3 of section 65.10 of the Penal Law. Memorandum: The evidence fails to sustain proof of requisite intent on the part of the defendant within sections 170.25 and 105.05 of the Penal Law with reference to the $27,000 check transactions encompassed in the ninth and eleventh counts of the indictment. While the denial of defendant's motion for trial severance of the "noncommon" counts of the joint indictment herein may well have been in error by virtue of CPL 200.40, in view of the overwhelming proof of guilt of defendant of the remaining crimes for which he stands convicted, such error, within the principles of *People v Crimmins* (36 NY2d 230) was harmless. Upon a complete review of the record in this case and defendant's participation therein together with the background of the defendant both in his personal and public life, and a previous unblemished record, we believe that institutional confinement is not necessary and that restitution of the $4,000 would appear to be in order. The execution of defendant's sentence is suspended and he is placed on probation for a term of five years under conditions to be imposed by the Onondaga County Court pursuant to subdivision 3 section 65.10 of the Penal Law. (Appeal from judgment of Onondaga County Court convicting defendant of possession of forged instrument, second degree and other charges.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.